IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | NO:  4:09CR00086-12  SWW |
| | * | |
| BRUCE LISTMAN | * | |
| | * | |

**ORDER**

Before the Court is Defendant Bruce Listman's motion to suppress evidence and motion *in limine* (docket entry #153).  The United States has responded (docket entry #160), and the matter is ready for decision.  After careful consideration, and for reasons that follow, the motion to suppress will be denied, and the motion in limine will be denied without prejudice.

Defendant Listman moves to suppress evidence derived from the search of a vehicle in which he was a passenger.  In support of his motion, Listman contends that officers lacked reasonable suspicion to stop the vehicle and lacked probable cause to search the vehicle.  Further, Listman contends that any consent to search given by the driver was involuntary.  In its response, the Government argues that Listman lacks standing to contest the search of a vehicle in which he was a mere passenger.

Listman alleges no specific facts to support his claim that officers lacked reasonable suspicion to stop the vehicle in which he was a passenger, but even assuming that Listman's detention violated his Fourth Amendment rights, an illegal detention does not require the suppression of evidence discovered pursuant to valid consent to search.  *See United States v. Green*, 275 F.3d 694, 700 (8th Cir. 2001).  Although Listman alleges that any consent given by

1

the driver of the vehicle was not voluntary, he alleges no facts indicating that he personally had an expectation of privacy in the vehicle searched and therefore has standing to challenge the search.[1]  *See Barragan*, 379 F.3d at 530(defendant without an ownership interest in a vehicle had no standing to challenge the voluntariness of driver's consent to search).  Accordingly, the Court finds that Listman's Fourth Amendment challenge fails as a matter of law.  Because Listman raises no issues of fact in support of his motion, only conclusory legal objections, an evidentiary hearing is not required.  *See U.S. v. Losing,* 539 F.2d 1174, 1177 (8th Cir. 1976)("Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required.").

   IT IS THEREFORE ORDERED that Defendant Bruce Listman's motoin to suppress (docket entry #153) is DENIED, and his motion in limine (docket entry #153) is DENIED WITHOUT PREJUDICE.

   IT IS THEREFORE ORDERED THIS 12TH   DAY OF JANUARY, 2010.

                    /s/Susan Webber Wright
                    UNITED STATES DISTRICT JUDGE

---

[1] Fourth Amendment rights are personal and may not be asserted vicariously.  *See Rakas v. Illinois*, 439 U.S. 128, 133-34, 99 S.Ct. 421 (1978).  "An individual asserting Fourth Amendment rights 'must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable [.]'" *United States v. Barragan*, 379 F.3d 524, 529-530 (8th Cir. 2004)(quoting *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469 (1998).  A defendant seeking to suppress evidence for alleged violations of the Fourth Amendment must demonstrate: (1) a subjective expectation of privacy in the place searched; and (2) that this expectation is one that society is prepared to recognize as objectively reasonable. *U.S. v. Green*, 275 F.3d 694, 699 (8th Cir.2001).   "'If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched he has no standing to claim that they were searched or seized illegally.'" *Barragan*, 379 F.3d at 529-530(quoting *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir.1994).